| Case No. | CV 11-1911 PSG (JCGx) | Date | June 17, 2011 |
|---|---|---|---|
| Title | Rudy Cordorva v. Union Pacific Railroad Company v. Hanjin Shipping Co., Ltd., *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order DENYING Defendant/Third Party Plaintiff's Application to file Exhibit A to its Complaint under seal

Before the Court is Defendant Union Pacific Railroad Company's (the "Railroad") application to file Exhibit A to the Third-Party Complaint under seal. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving papers, the Court hereby DENIES the motion.

I.   Background

Plaintiff Rudy Cordova ("Plaintiff") is a Railroad employee who claims that the Railroad acted negligently in failing to provide him with a safe and proper working environment. *Compl.* ¶ 5. Plaintiff filed suit against the Railroad under the Federal Employers Liability Act, 45 U.S.C. § 51 *et seq.*, alleging that as a result of the Railroad's negligence, he suffered injury to his back and face during the course of his employment as a truck driver. *Compl.* ¶ 4.

On June 9, 2011, the Railroad filed a third-party complaint against Hanjin Shipping Co., Ltd. ("Hanjin") for indemnity of the damages claimed by Plaintiff. *Third-Party Compl.* ¶ 7. The Railroad's claim for indemnification is based upon an Exempt Rail Transportation Agreement ("Agreement") that was executed by the Railroad and Hanjin. *Third-Party Compl.* ¶ 5. The Railroad now wishes to attach the Agreement, identified as Exhibit A, to the pleading in support of its indemnification claim. *Mot.* 2:3-6. However, based on the existence of a non-disclosure

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1911 PSG (JCGx) | Date | June 17, 2011 |
|---|---|---|---|
| Title | Rudy Cordorva v. Union Pacific Railroad Company v. Hanjin Shipping Co., Ltd., *et al.* | | |

clause in the Agreement, the Railroad requests permission to file the Agreement under seal. *Mot.* 2:8-9.

II.     Legal Standard

A motion to seal a document is generally governed by one of two standards. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010). The standard varies depending on whether the documents are general judicial records or "private materials unearthed during discovery." *Id.* at 678-79. A party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings ... outweigh the general history of access and the public policies favoring disclosure." *Id.* (quoting *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006)). This strong presumption in favor of disclosure stems from the common law right "to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597 (1978). As long as the particular document is not one that is "traditionally kept secret, " this presumption of access "extends to pretrial documents filed in civil cases, including materials submitted in connection with motions for summary judgment." *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). The common law right of access to judicial records, however, is not absolute; "compelling reasons" sufficient to overcome this presumption of access exist when there is a concern that court documents may "become a vehicle for improper purposes such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1178-79 (citing *Nixon*, 435 U.S. at 598). However, "the mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136).

A less burdensome standard of "good cause" applies when a party seeks to seal "private materials unearthed during discovery." *Pintos*, 605 F.3d at 678 ("This 'good cause' standard presents a lower burden for the party wishing to seal documents . . . [because] [t]he cognizable public interest in judicial records that underlies the 'compelling reasons' standard does not exist for documents produced between private litigants."). In such instances, courts are bound by Rule 26(c) of the Federal Rules of Civil Procedure, which provides that a protective order may be issued "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* For purposes of Rule 26(c), the relevant standard is whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1911 PSG (JCGx) | Date | June 17, 2011 |
|---|---|---|---|
| Title | Rudy Cordorva v. Union Pacific Railroad Company v. Hanjin Shipping Co., Ltd., *et al.* | | |

needs for discovery against the need for confidentiality." *Id.* (citing *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)).

III.    Discussion

Here, as previously indicated, the Railroad requests that the Exempt Rail Transportation Agreement be filed under seal due to the non-disclosure provision in the Agreement. Because the Agreement is central to the Railroad's Third Party Complaint – a pretrial document filed with the Court – the Agreement is deemed a judicial record, rather than an item "unearthed during discovery." Accordingly, the Railroad bears the burden of meeting the "compelling reasons" standard.

The Railroad, however, fails to provide any compelling reason that would justify filing the Agreement under seal. Although the Agreement does contain a non-disclosure provision, the Railroad has failed to explain why this non-disclosure clause outweighs the strong public policy favoring disclosure. Additionally, the Court notes that the non-disclosure provision applies to the parties "except as may be required by law." The Railroad fails to explain why, under these circumstances, the law does not require disclosure. Thus, for the foregoing reasons, the Court finds that Railroad failed to satisfy its burden.[1]

IV.    Conclusion

Accordingly, the Railroad's application to file Exhibit A to the Third Party Complaint under seal is DENIED.

**IT IS SO ORDERED.**

---

[1] Given that portions of the Agreement have been redacted, the Court is particularly skeptical that compelling reasons exist to file the Agreement under seal.